[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11009
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00228-GAP-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN JETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 30, 2018)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jonathan Jett negotiated a plea agreement with the government under which

he agreed to plead guilty to one count of conspiracy to commit wire fraud, in

violation 18 U.S.C. § 1349.  As part of that deal, Jett broadly agreed to waive his right to appeal his sentence in exchange for the government's promises to take certain actions that would mitigate his sentence.  The district court accepted Jett's guilty plea and then sentenced him to twelve months and a day of imprisonment. Jett now appeals his sentence, arguing that the court erred in calculating his guideline range and abused its discretion by sentencing him to prison rather than probation.  The government has moved to enforce the appeal waiver.  We grant the government's motion.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  The government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

Here, we find that the waiver was made knowingly and voluntarily.  Jett was specifically questioned about the terms of the waiver during the plea colloquy, and he indicated he understood it.  Plus, he does not suggest on appeal that he did not understand the waiver.  Accordingly, the waiver is valid and enforceable.

Further, no exception to the waiver applies.  Under the waiver, Jett retained the right to appeal in four circumstances: (a) the sentence exceeded the guideline

range as calculated by the district court; (b) the sentence exceeded the statutory maximum; (c) the sentence violated the Eighth Amendment; or (d) the government appealed.  Beyond these limited exceptions, Jett waived his right to appeal. Because the government has not appealed and the sentence was within the guideline range as calculated by the district court, below the statutory maximum, and consistent with the Eighth Amendment, the waiver applies.

To avoid dismissal, Jett suggests that we can exercise our discretion to look past the waiver and reach the merits in order to correct a "miscarriage of justice." *See*, *e.g.*, *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001) ("Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."). He claims that the district court's guideline-calculation error in this case will work a miscarriage of justice if left uncorrected.

We will enforce the waiver.  While we have recognized that "an effective waiver is not an absolute bar to appellate review," *United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008), Jett falls far short of showing a miscarriage of justice, assuming that is the proper standard. *Cf. United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999) ("In extreme circumstances—for instance, if the district court had sentenced [a defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver."); *Bushert*, 997 F.2d at 1350 n.18 (noting that "there are certain fundamental and immutable legal

3

landmarks within which the district court must operate regardless of the existence of sentence appeal waivers," including statutory maximums and prohibitions on basing a sentence on a constitutionally impermissible factor).

Our precedent is clear that "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Furthermore, a "vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." *Bascomb*, 451 F.3d at 1296.

Because the terms of the waiver apply, it is not enough that the issues raised on appeal are meritorious or that they were preserved below. *See id.*; *Grinard-Henry*, 399 F.3d at 1296. Nor does this case present any exceptional circumstances that would require this appeal to be heard despite the waiver. By agreeing to the waiver, Jett understood he was giving up the right to challenge the district court's calculation of the guideline range. That the court might err in doing so was a risk he accepted in exchange for the benefits of the plea agreement.

For all of these reasons, we **GRANT** the government's motion to dismiss Jett's appeal based on the sentence-appeal waiver in his plea agreement.

**DISMISSED.**

4